(35 South. 740.)

No. 14,982.

CITY OF NEW ORLEANS v. COTONIO.*

(Dec. 14, 1903.)

EMINENT DOMAIN — EXPROPRIATION PROCEEDINGS—SUPREME COURT—JURISDICTION.

1. The Supreme Court cannot accept as evidence that "a matter in dispute" in the district court in an expropriation suit was as to amount such as to confer appellate jurisdiction upon it the simple fact itself that defendant should have appealed to it, when the plaintiff in pleadings did not declare what compensation it was willing to give, nor defendant assert in her pleadings what amount she was entitled to receive. To have appellate jurisdiction, it must appear that in the contestation below between the parties the defendant claimed more than $2,000. When both parties left the case to be decided upon the evidence, and there is nothing in it which would justify any expectation that the judgment could be reviewed by the Supreme Court, the appeal must be dismissed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the city of New Orleans against Widow Angelo Cotonio. Judgment for plaintiff, and defendant appeals. Dismissed.

Theodore Cotonio, for appellant. Henry Garland Dupré, Asst. City Atty., for appellee.

### Statement of the Case.

NICHOLLS, C. J. This action is one for the expropriation of certain property in the city of New Orleans belonging to the defendant.

The property sought to be expropriated was described in plaintiff's petition, and it was averred that every effort had been made to acquire the same by purchase, but

*Rehearing denied January 18, 1904.

111 LA.—18

that the owner held it at exorbitant prices, and no amicable purchase was possible between the parties; that the matter in controversy was within the jurisdiction of the civil district court. No allegation was made as to what the price was at which the defendant held the property, nor as to what amount it was itself willing to pay for the same. The prayer of the petition was that the property described be adjudged to the plaintiff upon payment to the owner of all such damages as she might sustain in consequence of the expropriation; that the court issue order for listing, drawing, and summoning a jury of freeholders to assess such damages as the owner might suffer, and fix the value of the property sought to be expropriated according to law.

Defendant excepted to the proceedings on the ground that plaintiff's petition failed to allege any amount within the jurisdiction of the court, or what it was willing to pay.

The court overruled the exception. A jury was impaneled and sworn, and the case went to trial without any further pleading by defendant. Defendant appeared through counsel at the trial, and took part therein.

After hearing evidence, the jury returned a verdict for the plaintiff, fixing the value of the property at $1,233.33⅓, and judgment was rendered accordingly; the court refusing a new trial which defendant applied for.

The grounds assigned for a new trial were: (1) That Act No. 79, p. 106, of 1902, under which the proceedings were instituted, was unconstitutional, in this: that it contained more than one object, and therefore violated article 29 of the Constitution.

(2) That, if said act was constitutional, the verdict of the jury was illegal for want of proper parties before the court. That the property sought to be expropriated was mortgaged to the Teutonia Loan & Building Company of New Orleans, La., and said mortgagee should have been made party defendant, because quoad said mortgagee the verdict of the jury amounted to the taking of property without due process of law.

(3) That the amount allowed by the jury was too inadequate, and contrary to the law and the evidence. That under no circumstances could the jury have allowed a less amount than was paid Mr. Montluzin for the property adjoining that of defendant,

as the evidence showed that her property was in better condition than that of Mr. Montluzin. (4) That defendant was prejudiced by the failure of plaintiff to allege what it was willing to pay for defendant's property.

Upon the overruling of the application for a new trial defendant appealed to this court.

### Opinion.

While defendant objects to the fact that the plaintiff failed to declare what amount it was willing to pay the defendant for the expropriation of the property, she nowhere fixes herself (not even in this court) any particular amount as being the amount of the matter in dispute. The nearest approach to her doing so is the objection urged by her in the motion for a new trial that "under no circumstances could the jury have allowed a less amount than was paid to Mr. Montluzin for the property adjoining her own, which amount was seventeen hundred dollars," and the inference to be drawn from the fact itself of her appealing to the Supreme Court that she claimed to be entitled to a judgment for over $2,000.

She left the amount of the judgment to be rendered to be determined by the jury from the consideration of the evidence introduced on the trial below.

We cannot accept as evidence that the matter in dispute below in an expropriation suit was as to amount such as to bring the case within our appellate jurisdiction the simple fact that the party conceiving himself prejudiced by the judgment below should have appealed to the Supreme Court. To do this would be to leave to him the selection of the appellate court.

In order that this court should have appellate jurisdiction as to amount, it must appear that in the contestation in the lower court between the parties the defendant was claimed to be entitled to a judgment for more than $2,000.

There was no such contestation below in this case, and there is really none such even here. Defendant's own counsel in his testimony did not pretend that she was entitled to recover more for the property than she paid for it—$2,000. We may say that there is nothing in the evidence which would justify any expectation on the part of appellant

that the judgment below could be reviewed here. We have no jurisdiction in this case, and the appeal is hereby dismissed.